# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FRED MORRIS, FOR THE ESTATE )
OF CLINT ARLO MORRIS, )
DECEASED, )
 )
**Plaintiff,** )
 )
      **v.** )      CV NO: _____
 )
CHRIS CURRY, SHERIFF, )
    An individual, )
    Defendant, )
 )
JOHN SAMANIEGO, )
    An individual, )
    Defendant, )
 )
MIKE SMITHERMAN, )
    An individual, )
    Defendant, )
 )
PAUL GEORGE, )
    An individual, )
    Defendant, )
 )
STEVE GOBLE, )
    An individual, )
    Defendant, )
 )
 TERRY GOWERS, )
    An individual, )
    Defendant, )
 )
CORY CROWE, )
    An individual, )
    Defendant, )
 )
NINA FERGUSON )
    An individual, )
    Defendant, )
 )
 )
JANET DOCKERY )
    An individual, )
    Defendant, )

|  |  |
|---|---|
| **NAPHCARE** | ) |
| **A Corporation,** | ) |
| **Defendant,** | ) |
|  | ) |
|  | ) |

## COMPLAINT

     **COMES NOW, THE** Plaintiff, Fred Morris, on behalf of The Estate of Clint Arlo Morris, by and through his attorney of record, Gregory J. Reid and does state the following:

<u>**PARTIES:**</u>

1. Plaintiff, Fred Morris, an adult over the age of nineteen and a resident of the Northern District of Alabama at the time of the offense.

2. Defendant, Chris Curry, Sheriff of Shelby County, Alabama, an individual over the age of nineteen and a resident of the Northern District of Alabama at the time of the offense.

3. Defendant, John Samaniego, Chief Deputy of Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

4. Defendant, Captain Mike Smitherman, an employee with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

5. Defendant, Paul George, Sergeant with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

6. Defendant, Steve Goble, Deputy with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

7. Defendant, Terry Gowers, Deputy with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

8. Defendant, Cory Crowe, Correctional Officer with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

9. Defendant, Melissa Barbee, an individual over the age of nineteen and a resident of the Northern District of Alabama.

10. Defendant, Nina Ferguson, an individual over the age of nineteen and a resident of the Northern District of Alabama.

11. Defendant, Janet Dockery, an individual over the age of nineteen and a resident of the Northern District of Alabama.

12. Defendant, NaphCare, a healthcare provider for the Shelby County Jail through a contract with the Shelby County Commission at the time of the offense.

## JURISDICTIONAL STATEMENT

All parties were and are currently within in the Northern District of Alabama  and all acts occurred with in the Northern District of Alabama. Plaintiff alleges violations of right afforded to him under The United States Constitution and The United States Code  42 U.S.C. § 1983 as such the Honorable Court is the proper jurisdiction for the action taken and relief requested.

## STATEMENT OF THE FACTS

Clint Arlo Morris, hereafter referred to as Mr. Morris, was arrested on Saturday, July 17, 2004 for failure to appear in court and answer to charges of reckless driving, driving under the influence, driving with an expired tag, driving without insurance, and driving without a driver's license. He was booked into the Shelby County Jail at approximately 3:41 p.m. Upon booking, an inventory was taken of Mr. Morris' possessions and questions related to his medical history were asked. Mr. Morris indicated that he was a drug user at the time of his arrest but did not have any other known health problems to his knowledge. He was assigned to cell 28 in the Upper Yellow Cellblock.

The following day, which was Sunday, July 18, 2004, Mr. Morris was placed on a detox treatment plan which involved the administration of several different medications at various times of the day. This plan was put into place by Nurse Darnesha Wilson. Later that day, Mr. Morris was reported to have had an altercation with another inmate, Charles Smothers, during mealtime. The incident was broken up by Officer Ronnie Brown. Mr. Morris and Mr. Smothers were both placed on Administrative Lockdown for the incident. Mr. Smothers was moved to another location in the facility, and Mr. Morris was taken back to cell 28. This is where Mr. Morris stayed for the remainder of his time at the Shelby County Jail.

Over the course of the week that followed the altercation with Mr. Smothers, Mr. Morris developed a problem with his neck that progressed into intense, persistent pain and swelling and weakness of his limbs. He complained numerous times to the jail staff and medical personnel beginning on or about July 21, 2004, but his complaints

were not taken seriously because they all thought he was "faking it." He asked to see a nurse on more than one occasion, but his requests were not granted until three days after his original request. This is evidenced in the employee statements of Correctional Officers Marvin Hayes and Janet Dockery, Deputy f/k/u Moore, and Officer f/k/u English that were taken during the jail's investigation of the incident.

Mr. Morris reported to Officer f/k/u English that he had fallen while trying to put on his uniform and hurt his neck. He was told by Officer English that the nurse would be "making rounds shortly."

Correctional Officer Janet Dockery reported in her statement that Mr. Morris informed her of his need to see a nurse. No request was entered on his behalf because according to Ms. Dockery, "I never did get around to getting him one, because I got busy and did not think anything else about it."

On separate instances, Correctional Officer Marvin Hayes and Deputy f/k/u Moore acted on Mr. Morris's requests to see a nurse by notifying Nurse Nina Ferguson, who was an employee of NaphCare. NaphCare was under contract with the Shelby County Commission to provide healthcare services for all of the inmates in the jail during the time in which Mr. Morris was an inmate. It is reported that Ms. Ferguson told Officer Hayes that she did not want to see him (Mr. Morris). In Ms. Ferguson's individual statement that was taken during the investigations she stated, "I never saw this inmate."

On July 22, 2004, Mr. Morris made a phone call to his mother. In this call, he informed his mother about the problems he was having with his neck and that he had not been allowed to see a nurse.

In the days that followed, Mr. Morris's condition began to rapidly deteriorate. He was finally seen by Nurse Melissa Barbee, who was also employed by NaphCare, on July 24, 2004, which was approximately three days after his initial request. Ms. Barbee made a quick evaluation of Mr. Morris's condition, gave him his detox medications, and took no further action.

On the morning of July 25, 2004, Officers Christopher Reeves and Ron Davenport discovered that Mr. Morris was obviously incapacitated. They discovered that he had defecated and urinated on himself. They attempted to take him to the cell block shower stall, but Mr. Morris did not feel that he could bathe himself because his neck was hurting. He indicated to the Officers that he could not move. Deputy Steve Goble instructed Officers Reeves and Davenport to return Mr. Morris to his cell until he could be examined by a nurse. Deputy Goble reported Mr. Morris's condition to Nurse Melissa Barbee.

A short while later, Nurse Melissa Barbee examined Mr. Morris in his cell. After her evaluation, she put in a call to Dr. Delong for authorization to transport Mr. Morris to Shelby Baptist Medical Center. The request was authorized by Dr. Delong, and Mr. Morris was transported by Deputy Terry Gowers in a patrol car. He arrived at the hospital somewhere between 8:30 and 9:15 in the morning. By 1:30 p.m., the doctors and staff at Shelby Baptist Medical Center decided to transfer Mr. Morris to UAB Medical Center due to their inability to provide the services he needed. Shortly after the jail was notified of this transfer, Mr. Morris was released from the custody of the Shelby County Jail on a recognizance bond which was ordered by Judge Reeves.

Mr. Morris remained at UAB Medical Center for the remainder of his life. He was diagnosed as having a cervical cord lesion and a pharyngeal abscess. As a direct

result of the improper care he received while in the custody of the Shelby County Jail, his condition was too far advanced for the treatment to be successful. He was put on a ventilator on August 10, 2004 and died six days later on August 16, 2004.

As a direct result of the improper care and treatment his son received while in the care of the Shelby County Jail, the deceased's father, Mr. Fred Morris has filed this suit.

The Shelby County Sheriff's Department had a stated policy that "an inmate with a serious medical conditions was to be bonded out so to prevent the county from bearing responsibility for the inmate's medical expenses". This very policy created an environment that made deputies and jail staff "skeptical of inmate medical complaints" and as such created an attitude of where everyone was automatically presumed to be "faking medical claims".

While an inmate in the Shelby County Jail the Sheriff and all named defendants owed a duty to the Plaintiff in as much as they were responsible for his safe keeping and daily needs which includes but is not limited to reasonable and adequate medical care when such is needed. The delay in attending to the medical request of the Plaintiff is a proximate and direct cause of his death.

## COUNT ONE - NEGLIGENCE:

The Plaintiff realleges each of the preceding paragraphs as if herein set further. Defendants Curry, Samaniego, Smitherman, George, Goble, Gowers, Crowe, Ferguson, Dockery, NaphCare,; the Defendants all owed a duty of care to the Deceased to provide protection, care and adequate medical treatment, safety and shelter, while in the custody of the Shelby County Jail. All of the previously listed Defendants acted negligently, wantonly, carelessly, and unskillfully, by failing to

properly care for Mr. Morris's serious health condition.  The Previously listed

Defendants' deliberate indifference to the medical needs of Mr. Morris was the

proximate cause of the death of Mr. Morris.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff demands a judgment

for compensatory and punitive damages against the Defendants previously listed,

both jointly and severally, in an amount to be determined by jury, court cost,

expenses and any additional relief this Honorable Court deems just and proper.

## COUNT TWO – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983:

The Plaintiff realleges each of the preceding paragraphs as if herein set forth.

Defendants Curry, Samaniego, Smitherman, George, Goble, Gowers, Crowe,

Ferguson, Dockery, NaphCare; the actions of all Defendants were deliberately

indifferent to the healthcare needs of the Deceased and as such deprived him of

valuable civil rights guaranteed to him under the United States Constitution.  The

result of such acts amounted to cruel and unusual punishment in violation of the

Constitution of the United States of America.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff demands a judgment

for compensatory and punitive damages against the Defendants previously listed,

both jointly and severally, in an amount to be determined by jury, court cost,

expenses and any additional relief this Honorable Court deems just and proper.

## COUNT THREE – VIOLATION OF DECEASED'S RIGHT UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION:

The Plaintiff realleges each of the preceding paragraphs as if herein set forth. Defendants Curry, Samaniego, Smitherman, George, Goble, Gowers, Crowe, Ferguson, Dockery, NaphCare; the actions of all Defendants violated the Deceased's right to due process of law in that severe physical punishment was inflicted upon the person of the Deceased without the benefits of due process of law and as such the Deceased was denied valuable rights guaranteed to him under the Fifth Amendment of the Constitution of the United States of America.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff demands a judgment for compensatory and punitive damages against the Defendants previously listed, both jointly and severally, in an amount to be determined by jury, court cost, expenses and any additional relief this Honorable Court deems just and proper.

## COUNT FOUR – VIOLATION OF THE DECEASED'S RIGHTS UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION:

The Plaintiff realleges each of the preceding paragraphs as if herein set forth. Defendants Curry, Samaniego, Smitherman, George, Goble, Gowers, Crowe, Ferguson, Dockery, NaphCare; the actions of all Defendants violated the Deceased's rights under the Eighth Amendment to the United States Constitution in as much as the Deceased was subjected to cruel and unusual punishment by the deliberate indifference of the Defendants.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff demands a judgment for compensatory and punitive damages against the Defendants previously listed, both jointly and severally, in an amount to be determined by jury, court cost, expenses and any additional relief this Honorable Court deems just and proper.

## COUNT FIVE – NEGLIGENT MEDICAL CARE:

The Plaintiff realleges each of the preceding paragraphs as if herein set forth. Defendants Curry, Samaniego, Smitherman, George, Goble, Gowers, Crowe, Ferguson, Dockery, NaphCare, Fictitious; all Defendants were negligent in providing necessary and needed healthcare to the Deceased, when the Defendants owed a duty to do so. In as much as the Defendants were collectively and deliberately indifferent to the medical needs of the Deceased when indeed the Defendants owed a duty of care to the Deceased. As a direct result of their indifference/neglect the Deceased suffered severe pain and death. The Defendants' indifference was a proximate cause of such harm.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff demands a judgment for compensatory and punitive damages against the Defendants previously listed, both jointly and severally, in an amount to be determined by jury, court cost, expenses and any additional relief this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED,

*/s/ Gregory J. Reid*
Gregory J. Reid
Attorney for Plaintiff

GREGORY J. REID
ATTORNEY AT LAW P.C.
P.O. Box 1396
Gardendale, Alabama 35071
Phone 205-608-2972
Facsimile 205-608-1216

**PLAINTIFF'S ADDRESS**
FRED MORRIS
C/O Gregory J. Reid Attorney at Law
P.O. Box 1396
Gardendale, Alabama 35071

**DEFENDANTS' ADDRESSES**
CHRIS CURRY, SHERIFF
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

JOHN SAMANIEGO, CHIEF DEPUTY
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

MIKE SMITHERMAN, CAPTAIN
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

SGT. PAUL GEORGE
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

DEPUTY STEVE GOBLE
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

DEPUTY TERRY GOWERS
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

CORY CROWE, CORRECTIONAL OFFICER
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

NINA FERGUSON
380 McDow Road
Columbiana, Alabama 35051

JANET DOCKERY
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

NAPHCARE
C/O GOLDSMITH, M ALEX Registered Agent
950 22ND STREET NORTH  STE 825
BIRMINGHAM, AL  35203