IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **FRED MORRIS, for the Estate** ) | |
| **of Clint Arlo Morris, Deceased** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CASE NO.  2:06-cv-01583-IPJ |
| ) | |
| **CHRIS CURRY, SHERIFF,** ) | |
| ) | |
| ) | |
| ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW, THE Plaintiff, Fred Morris on behalf of The Estate of Clint Arlo Morris, by and through his attorney of record, Gregory J. Reid and does state the following in this first amended complaint pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure:

**PARTIES:**

1. Plaintiff, Fred Morris, an adult over the age of nineteen and a resident of the Northern District of Alabama at the time of the offense.

2. Defendant, Chris Curry, Sheriff of Shelby County, Alabama, an individual over the age of nineteen and a resident of the Northern District of Alabama at the time of the offense.

3. Defendant, John Samaniego, Chief Deputy of Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

4. Defendant, Captain Mike Smitherman, an employee with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

5. Defendant, Paul George, Sergeant with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

6. Defendant, Steve Goble, Deputy with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

7. Defendant, Terry Gowers, Deputy with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

8. Defendant, Cory Crowe, Correctional Officer with the Shelby County Sheriff's Department, an individual over the age of nineteen and a resident of the Northern District of Alabama.

9. Defendant, Melissa Barbee, an individual over the age of nineteen and a resident of the Northern District of Alabama.

10. Defendant, Nina Ferguson, an individual over the age of nineteen and a resident of the Northern District of Alabama.

11. Defendant, Janet Dockery, an individual over the age of nineteen and a resident of the Northern District of Alabama.

12. Defendant, NaphCare, a healthcare provider for the Shelby County Jail through a contract with the Shelby County Commission at the time of the offense.

13. Defendant Christopher Reeves, an individual over the age of nineteen and a resident of the Northern District of Alabama.

14. Defendant Ron Davenport, an individual over the age of nineteen and a resident of the Northern District of Alabama.

**JURISDICTIONAL STATEMENT**

All parties were and are currently within the Northern District of Alabama and all acts occurred within the Northern District of Alabama.  Plaintiff alleges violations of rights afforded to the Plaintiff's decedent under the United States Constitution and The United States Code 42 U.S.C. § 1983 as such this Honorable court is the proper jurisdiction for the action taken and relief requested.

The Plaintiff also alleges violations Alabama law to the Plaintiff's decedent. Such supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

**STATEMENT OF THE FACTS**

The Plaintiff realleges all of the facts previously set forth in the original complaint, and now supplements and pleads the following additional facts as to each of the following defendants and their individual actions in relation to the Decedent Arlo Morris.

*Defendant Curry, Defendant Samaniego, Defendant Smitherman:*

Sheriff Curry while having no direct contact with the decedent did promulgate a policy that directly fostered the environment that directly aided and fostered a mindset and manner of operating that deprived the Decedent to a right under the United States Constitution. Curry's policy to "bond out' seriously ill inmates appears on its face to be one of "allowing families to attend to the medical needs of inmates", but in reality is for

purely budgetary reasons and to avoid having to incurring sometimes very expensive medical expense for the inmates with whom Curry was charged with caring for. The policy is in itself a deliberate indifference to the medical needs with whom Curry has a constitutional duty to attend and administer. The Policy, known to inmates was one that encouraged inmates to exaggerate and even fake illness in order to bond out. This fact known to jail staff lead to a routine disbelief of claims for medical attention. This was exactly the case of Clint Arlo Morris; the jail staff did not believe him and ignored his claims and request for medical attention. The delay in addressing his request until he was untreatable was in no small part directly related to the policy clearly Unconstitutional lead to his eventual death and deprived him of his rights afforded under the Fourteenth Amendment of the United States Constitution. The acts of Defendant Curry were carried out under the Color of Law and were in reality a denial of due process guaranteed to every citizen. A continuation of the policy is to "cover-up" less than adequate medical treatment administered in the jail, taking the approach that if individuals are not in the jail when a serious medical condition which was untreated while in the jail comes full circle that should shield theses individual Defendants from Liability for their deliberate indifferent policies and actions.

*Defendant Goble:*

Defendant Goble had direct contact with the Decedent. Defendant Goble had first hand direct knowledge of the condition of the Defendant and acted with deliberate indifference with regard to Morris' serious medical condition. Morris had made numerous complaints to Goble directly and others requesting medical attention beginning at least three days prior to being given any treatment. Also Defendant Goble was involved in the decision to

bond out Morris him being released to "self" while he was in an unconscious state. Defendant Goble was directly in contact with staff and medical personnel while all indifferent acts occurred. Defendant Goble had direct knowledge of both all complaints of Morris and the lack of medical treatment, and took no action when he in his individual capacity had a not only ability to do so but also a duty to act in a responsible manner.

*Defendant Gowers*:

Defendant Gowers was on duty on the date Morris was released and transported to the Shelby Baptist. Gowers transported Morris to the hospital in a patrol car, instead of calling for critical care transportation and delivered a shackled Morris without assistance when he could not stand, walk, sit up, or control his bodily functions. Gowers did not even use a wheel chair to transport Morris from the patrol car to the emergency room instead drug him by the arm while he was unable to walk under his own power. The mere manner in which Morris was transported to the Hospital shows deliberate indifference and directly contributed to the damage suffered by Morris and his eventual death.

*Defendant Dockery:*

Defendant Dockery was directly notified that Morris had requested medical attention and in her own statement said "I didn't get around to it and just forgot about it". This indicates that no method existed for follow-up or reviewing request and thus the request was deliberately ignored by Dockery. The request to Defendant Dockery was no less than ignored and not taken seriously which is no less that deliberate indifference to the serious medical needs of the Decedent Morris.  Dockery's own statements demonstrate the attitude and atmosphere that existed and actions that lead to the damage and eventual death of Morris.

*Defendant Reeves; Defendant Davenport*:

Both defendants Reeves and Davenport were deliberately indifferent in their treatment of Morris in as much as they physically drug Morris to the shower laid him in the shower and "hosed him down" after he had urinated and defecated himself. Both Defendant Reeves and Davenport acted deliberately indifferent with their handling and care of the Decedent Morris and thus added to his injuries and complications. When both Defendants Reeves and Davenport discovered Morris lying on the floor of his cell in his own urine and focuses neither treated the matter as a medical emergency but instead "informed the Nurse on duty". Neither Reeves nor Davenport communicated the seriousness of the condition to the proper individuals capable of rendering aid to Morris.

Instead of giving aid both Reeves and Davenport responded in an inappropriate manner with no degree of urgency but instead drug Morris in a paralyzed state to the showers for him to "clean himself" because "they were not going to do it".

*Defendant Ferguson;*

Defendant Ferguson displayed no degree of reasonable response to the situation as it existed. This fact is clearly displayed by her response that "she did not want to see Morris". It is clear that Defendant Ferguson simply chose not to take any action when she was on notice of the situation that existed. The neither Plaintiff nor counsel is aware of any right held by the Defendant Ferguson to treat only those inmates in whom she "wants to" to the contrary she indeed had an obligation to give reasonable treatment and attention to all claims and in so doing reasonably and competently assess each case. Defendant Ferguson was both deliberately indifferent and negligent in both duties with regard to the Decedent Morris when she chose not to take action with regard to his request for medical

attention. The facts are clear that the situation warranted more attention because Morris did eventually die from the condition complained of. Defendant Ferguson admitted to being notified of the request and also admitted to taking no action on said request and gave no acceptable reason for such a refusal to give aid or attention.

*Defendant Nephcare*:

Defendant Nephcare is a corporation contacted with Shelby County to administer medical care and treatment to jail inmates at the time of the Decedent's Death. Defendant Nephcare had a direct responsibility and a duty to provide ordinary and reasonable care to those individual held in the Shelby County jail. Nephcare through its agents and employees had direct duty to the decedent Morris. Furthermore Defendant Nephcare had a duty to supervise, manage, train, direct, and monitor the activities of its agents and employees with regard to the service it had contracted to provide. Defendant Ferguson was an employee and agent of Nephcare and thus had a direct relationship to the Defendant Nephcare and said Defendant Nephcare had a duty and responsibility for the Negligent acts of Defendant Ferguson while she was acting in the line and scope of her duties as an agent of Nephcare. The Defendant Nephcare fails in its duty to properly supervise the Defendant Ferguson and monitor her duties with regard to the decedent Morris. Defendant Ferguson's action clearly fall below a reasonable standard of care and such standard was the direct duty of the Defendant Nephcare. Specifically the acts of the Defendant Nephcare amount to more than mere negligence in that the defendant fail to properly oversee the activities of its agent and the administration of medical care through its agents which failed to meet a minimal standard of care as required. When Defendant Ferguson made the claim that she knew of the medical care request by Morris but "just

did not want to see him" one need not look any further to witness the negligence of the Defendant Nephcare and its agent Ferguson. Nephcare must know or should have known that it and its agents are not at liberty to treat only those "they want to" as opposed to all of those to whom it contracts to provide services to. Nephcare obviously wanted to enter into the contract with Shelby County and wanted to provide those service for a fee and was not operating from any position of duress or forced compulsion. For Nephcare to state vicariously through it agent "we did not want to see him" referring to Morris is not only negligent, deliberately indifferent, but outrageous in fact. Nephcare assumed a duty to provide care and chose to administer said care through its agents and employees and in so doing is responsible of the acts and omissions of those individuals. Nephcare did not make a misdiagnosis but rather no diagnosis at all in this matter and in ignoring the whole situation committed the highest form of negligence, reckless disregard for what was a serious medical condition. If one wants to question the seriousness of the situation one need look no further than the outcome, the death of Clint Arlo Morris. Nephcare had no means or methods of review or quality control to guard against the negligent and wanton actions of its agent of whom it was solely responsible. Nephcare had failed and or refused to properly train Defendant Ferguson as to how to properly carry out her duties and properly administer the care it assumed a duty to provide. Nephcare had knowledge of the situation because its agent had knowledge of the condition as it existed. All of the acts of the defendant Nephcare and Defendant Ferguson amounted to negligence in fact and gross negligence in providing care to a minimal reasonable person standard. Specifically the Defendant Nephcare fails to provide any care when it had a duty to do so.

## COUNT ONE-VIOLATION OF THE DECEASED'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983:

That Sheriff Chris Curry in his individual capacity while acting under the color of some law, custom, or practice subjected the Plaintiff's decedent to the deprivation of his rights secured by the 14th Amendment to the Constitution of the United States, and that such conduct was the proximate cause of the Plaintiff's damages.

**PREMISES CONSIDERED**, the Plaintiff demands a judgment for compensatory and punitive damages against the Defendants previously listed, both jointly and severally, in an amount to be determined by jury, court cost, expenses and any additional relief this Honorable Court deems just and proper.

## COUNT TWO-VIOLATION OF THE DECEASED'S RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION:

The Defendants Curry, Samaniego, Smitherman, George, Goble, Gowers, Ferguson, Dockery, Reeves, Davenport and Nephcare while acting in their individual capacities did act with deliberate indifference with regard to the Decedent Morris serious medical condition and that such actions were a direct and proximate cause of damage to Morris and as such was a denial of his right to due process under the Fourteenth Amendment of the United States Constitution.

**PREMISES CONSIDERED**, the Plaintiff demands a judgment for compensatory and punitive damages against the Defendants previously listed, both jointly and severally, in an amount to be determined by jury, court cost, expenses and any additional relief this Honorable Court deems just and proper.

**COUNT THREE-NEGLIGENCE:**

Defendant's Ferguson and Nephcare did act with a wanton degree of negligence in providing care and treatment to Morris when both held an affirmative duty to provide such care. The failure and or refusal to provide the care requested of and noticed to the Defendants Ferguson and Nephcare fails to meet any known standard of care reasonable or otherwise.

**PREMISES CONSIDERED**, the Plaintiff demands a judgment for compensatory and punitive damages against the Defendants previously listed, both jointly and severally, in an amount to be determined by jury, court cost, expenses and any additional relief this Honorable Court deems just and proper.

**COUNT FOUR-NEGLIGENT MEDICAL CARE:**

Defendant's Ferguson and Nephcare did act with a wanton degree of negligence in providing medical care and treatment to Morris when both held an affirmative duty to provide such care. The failure and or refusal to provide the care requested of and noticed to the Defendants Ferguson and Nephcare fails to meet any known standard of care reasonable or otherwise. Also the Plaintiff plead specifically the facts set forth previously to Defendants Nephcare and Ferguson as required by the Alabama Medical Negligence Act in Alabama Code § 6-5-56 (1975).

**PREMISES CONSIDERED**, the Plaintiff demands a judgment for compensatory and punitive damages against the Defendants previously listed, both jointly

and severally, in an amount to be determined by jury, court cost, expenses and any additional relief this Honorable Court deems just and proper.

                                      RESPECTFULLY SUBMITTED,

                                      */s/ Gregory J. Reid*
                                      Gregory J. Reid
                                      Attorney for Plaintiff

GREGORY J. REID
ATTORNEY AT LAW P.C.
P.O. Box 1396
Gardendale, Alabama 35071
Phone 205-608-2972
Facsimile 205-608-1216

**PLAINTIFF'S ADDRESS**
FRED MORRIS, Executor for the estate of Clint Arlo Morris
C/O Gregory J. Reid Attorney at Law
P.O. Box 1396
Gardendale, Alabama 35071

**DEFENDANTS' ADDRESSES**
Christopher Reeves, an Individual
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

Ron Davenport, an Individual
Shelby County Sheriff's Department
P.O. Box 1095
380 McDow Road
Columbiana, Alabama 35051

Case 2:06-cv-01583-IPJ   Document 11   Filed 09/24/06   Page 12 of 12

## **CERTIFCATE OF SERVICE**

       I hereby certify that I have served a copy of the foregoing amended complaint on the following counsel by filing with the CM/ECF system and noticed is served electronically via CM/ECF on the following this the _____day of _____, 2006.

Stanley A. Cash, Esq.
Charles Flemming, Jr., Esq.
HUIE FERNAMBUCQ, & STEWART, LLP
800 Regions Bank Bldg
Birmingham, Alabama 35203

George W. Royer, Jr., Esq.
LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, Alabama 35801

Frank C. Ellis, Jr., Esq.
WALLACE ELLIS FOWLER & HEAD
P.O. Box 587
Columbiana, Alabama 35051

                                                __/**s**/ **Gregory J. Reid**_____