FILED

2006 Nov-07  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FRED MORRIS, for the Estate of
Clint Arlo Morris, Deceased,

     Plaintiff,

v.                               CASE NO.: CV-06-J-1583-S

CHRIS CURRY, SHERIFF,
et al.,

     Defendants.

## MEMORANDUM OPINION

Pending before the court is defendants Sheriff Chris Curry, Chief Deputy Sheriff John Samaniego, Captain Mike Smitherman, Sergeant Paul George, Shelby County Deputy Sheriffs Steve Goble and Terry Gowers, and Shelby County Correctional Officers Cory Crowe and Janet Dockery's motion to dismiss[1] (doc. 15), the plaintiff's response to said motion (doc. 20) and these defendants'(the "Shelby County defendants") reply (doc. 21). Having considered said motion, response and reply, the court finds as follows:

The plaintiff filed suit under 42 U.S.C. §1983 asserting violations of the decedent's Fourteenth Amendment rights due to deliberate indifference to the

---

[1]Based on this motion, the plaintiff's claims against defendants Samaniego, Smitherman and George have already been dismissed. See Order of October 5, 2006 (doc. 18). Additionally, although the plaintiff named Correctional Officer Cory Crowe as a defendant in the complaint, no factual allegations have been made against him. As such, the court shall dismiss the plaintiff's claims against this defendant by separate Order.

decedent's medical needs.  Counts One and Two of plaintiff's Amended Complaint (doc. 11).  Count One names only defendant Curry in his individual capacity.  Count Two is stated against all defendants in their individual capacities.  The plaintiff also alleges state law claims for negligence and negligent medical care against defendant Naphcare and Ferguson only.  Counts Three and Four of plaintiff's Amended Complaint (doc. 11).  Each of these claims is based on the decedent's illness and subsequent death while a pretrial detainee at the Shelby County jail.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Marsh v. Butler County, Alabama,* 268 F.3d 1014, 1022 (11th Cir. 2001).  In deciding on a motion to dismiss, a court must construe the allegations of the complaint as true.  *Gomez v. Toledo,* 446 U.S. 635, 636 n. 3 (1980).  Therefore, the court considers the following factual allegations to be true in ruling on this motion.

The decedent was arrested and placed in the Shelby County jail on July 17, 2004, for failure to appear in court and numerous driving infractions.  Complaint, at 4.  He was questioned at that time about his medical history.  *Id.*  The decedent informed defendants that he was a drug user but had no other known health problems.

2

*Id.*  On July 18, 2004, decedent began a detoxification program, which involved receiving several medications during the course of the day.  *Id*.

Also on July 18, 2004, decedent was in an altercation with another inmate.  *Id.* During the following week, the decedent developed pain in his neck and swelling and weakness of his limbs.  *Id*.  Decedent complained to jail personnel beginning July 21, 2004, and asked to see a nurse, but did not see a nurse until July 24, 2006.  *Id.*, at 4-6. The decedent reported to one jail deputy that he had fallen and hurt his neck, and was told a nurse would make rounds shortly.  Complaint, at 5.  Decedent told defendant Dockery he needed to see a nurse but she "never did get around to getting him one." Complaint, at 5.  Two officers reported to defendant Nurse Nina Ferguson, an employee of defendant Naphcare, that decedent had requested to see a nurse, but defendant Ferguson did not see the decedent, apparently because she did not want to. Complaint, at 5.

Finally, on July 24, 2004, the decedent was seen by Nurse Melissa Barbee, another Naphcare employee.  Complaint, at 6.  She gave him the medications he was already receiving for detoxification, and did nothing further.  *Id*., at 6.  On July 25, 2004, two officers found decedent incapacitated.  *Id*.  Defendant Deputy Steve Goble reported the decedent's condition to Nurse Barbee.  *Id*.  She again examined the decedent and received authorization from a medical doctor she called, Dr. DeLong,

3

that decedent be taken to Shelby Baptist Medical Center.  Defendant Deputy Gowers then transported the decedent to Shelby Baptist Medical Center by patrol car.  *Id*.

The decedent was thereafter transferred to UAB Medical Center.  Complaint, at 6.  The Shelby County jail then released the decedent on a recognizance bond.  *Id*. The decedent was diagnosed at UAB as suffering from a cervical cord lesion and pharyngeal abscess.  *Id*..  Due to the advanced state of these conditions, treatment was not successful and decedent died on August 16, 2004.  *Id*., at 7.

Defendant Sheriff Chris Curry had no direct contact with decedent.  First Amended Complaint, at 3.  However, the plaintiff asserts that the sheriff had a policy which created a "mindset and manner of operating that deprived the Decedent to a right under the United States Constitution." *Id.*, at 3.  Plaintiff asserts that  defendant Curry's policy of "bonding out" seriously ill inmates to prevent paying for expensive medical care created an environment which encouraged inmates to exaggerate their maladies and further led to a routine disbelief by jail personnel of claims of medical needs by inmates.  *Id*., at 4.

The plaintiff charges that defendant Curry violated the plaintiff's rights under the 14th Amendment, assumably by maintaining the policy of bonding out seriously ill inmates.

4

The plaintiff asserts that defendant Goble had first hand knowledge of the decedent's medical condition, as decedent made numerous complaints to Goble requesting medical attention. First Amended Complaint, at 4. Plaintiff further asserts that Goble was "involved in the decision to bond out Morris..." *Id*., at 4-5.

Defendant Terry Gowers transported the decedent to the hospital in a patrol car rather than an ambulance, and "drug (sic) him by the arm while he was unable to walk under his own power." First Amended Complaint, at 5.

Plaintiff asserts that decedent asked defendant Janet Dockery to see a nurse, but she forgot that decedent had requested medical attention. First Amended Complaint, at 5.

The plaintiff also asserts claims against Christopher Reeves and Ron Davenport, who are apparently jail personnel. First Amended Complaint, at 6. The plaintiff asserts these two individuals were deliberately indifferent to the decedent's medical needs because they placed him in a shower and "hosed him down" after decedent had urinated and defecated on himself. *Id*. They are also criticized by plaintiff for allegedly failing to treat the decedent as a medical emergency and notifying the nurse on duty of the decedent's condition instead. *Id*. However, these two individuals are not parties to this case, never having been sued or served with a

summons and complaint.  As such, the court will not consider these claims as against these two individuals.

42 U.S.C. § 1983 prohibits a person, acting under color of state law, from depriving another person of his or her rights secured by the United States Constitution. *See* 42 U.S.C. § 1983.  Section 1983 creates no substantive rights on its own, but merely provides a remedy for deprivation of federal constitutional rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir.1996).  The plaintiff alleges that the defendants' deliberate indifference to plaintiff's need for medical care, and deliberate indifference to the substantial risk of serious harm violated his Fourteenth Amendment rights.[2]

The Shelby County defendants each argue that he or she is entitled to qualified immunity.  "Qualified immunity protects government officials performing discretionary functions from civil trial ... and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person

_____

[2]As a pre-trial detainee, the decedent's rights exist under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983).  However, the claims are subject to the same Eighth Amendment scrutiny as if they had been. brought as deliberate indifference claims under the Eighth Amendment. *McDowell v. Brown,* 392 F.3d 1283, 1290 n. 8 (11th Cir.2004), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir.1994); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985) (holding that "in regard to providing pretrial detainees with such basic necessities as ⋯ medical care[,] the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons.").

would have known.'" *Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1149 (11th Cir.1994) (en banc) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1991)).

*Defendant Curry*

      The plaintiff alleges the sheriff set forth a policy – the bonding out of seriously ill inmates – that was deliberately indifferent to the decedent's serious medical needs. However, the plaintiff has failed to set forth any facts, as opposed to argument, that defendant Curry's policy of bonding out extremely ill inmates in any way contributed to the decedent's medical condition. While the plaintiff asserts that the policy caused jail personnel to not take inmate medical complaints seriously, the plaintiff points to only one jail employee who did not specifically go seek medical attention for the plaintiff, namely defendant Dockery. The plaintiff asserts that Dockery stated "I didn't get around to it and just forgot about it." First Amended Complaint, at 5. This single factual allegation does not rise to a level of "deliberate indifference."

> It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

*Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084 (1986). In other words, "a plaintiff must demonstrate that the lawful action was 'taken with 'deliberate

indifference' as to its known or obvious consequences .... Plainly stated, a 'showing of simple or even heightened negligence is not enough." *McDowell v. Brown,* 392 F.3d 1283, 1291 (11th Cir.2004) (citations omitted); *McElligott v. Foley*, 182 F.3d 1248, 1256 (11th Cir.1999).

Given the factual allegations of the plaintiff, and the lack of any allegation that defendant Dockery failed to take the decedent's request seriously, the court finds that the plaintiff has failed to establish that defendant Curry's policy of bonding out seriously ill inmates violated the decedent's Constitutional rights. *See Marsh v. Butler County, Ala*., 268 F.3d 1014, 1034-1036 (11th Cir.2001). Therefore, the court shall dismiss the claims against defendant Curry by separate Order.

*The other Shelby County Defendants*

A jail official violates the Fourteenth Amendment when he acts with deliberate indifference to the serious medical needs of a prisoner. *See Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (Eighth Amendment prohibition on cruel and unusual punishment violated when prison official acts with deliberate indifference to a prisoner's serious medical need); *see also Lancaster v. Monroe County, Ala.,* 116 F.3d 1419, 1425 n. 6 (11th Cir.1997) (applying deliberate indifference standard to claim by pretrial detainee).

Deliberate indifference includes both an objective and a subjective component. *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176, 1186 (11th Cir.1994). The objective component is judged by contemporary standards of decency, while the subjective component requires proof of actual knowledge of the need for medical treatment and intentional refusal to provide it. *Id.*

In the facts before the court, the plaintiff alleges that each of the named Shelby County defendants, other than the sheriff, had some direct contact with the decedent and failed to act on his need for medical care. However, the defendant jail personnel repeatedly brought the plaintiff's condition to the attention of the jail nurses. Indeed, the plaintiff alleges that the decedent was not seen by Nurse Ferguson, because she did not want to see him, even though two jail correctional officers notified her that the decedent was in need of medical care. When an official "knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate" his actions amount to deliberate indifference. *Hill, supra* at 1186.

Given the facts alleged by the plaintiff, the court finds that Shelby County defendants on at least three occasions reported the decedent's condition to the nurse on duty at the jail. The court is of the opinion that these facts simply do not show a failure or refusal to obtain medical treatment for the inmate. See *Hill, supra* at 1186.

The plaintiff also asserts that transporting the decedent to Shelby County Medical Center by patrol car instead of by "critical care transportation" violated the decedent's Constitutional rights.  Additionally, plaintiff asserts that defendant Gowers failure to obtain a wheelchair to take the decedent from the patrol car into the emergency room "shows deliberate indifference ..."  First Amended Complaint, at 5. However, the plaintiff offers no case which sets forth that the failure to transport a seriously ill inmate by ambulance or the failure to obtain a wheelchair for that individual demonstrate a violation of an inmate's Constitutional rights.

Each of the Shelby County defendants have asserted the defense of qualified immunity.  In *Gonzalez v. Reno*, 325 F.3d 1228, 1233-1235 (11th Cir.2003), the Court stated that the federal rights allegedly violated must have been clearly established so as to avoid qualified immunity.  In *Rodgers v. Horsley*, the Eleventh Circuit explained that "[f]or a 'right' to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that *what he is doing* violates that right.'" *Rodgers*, 39 F.3d 308, 310 (11th Cir.1994) (emphasis in *Rodgers*) citing *Anderson v. Creighton*, 483 U.S. 635, 639-40, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).  The court further explained that the issue "is not whether, in general, [detainees] have a legally cognizable interest under the 14th Amendment to

10

safe conditions.  They do.  Instead, the question in this case, as in all qualified immunity cases, is fact specific ..." *Rodgers*, 39 F.3d at 311.

In *Vinyard v. Wilson*, the Eleventh Circuit Court of Appeals further explained that:

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, *see Mitchell [v. Forsyth,* 472 U.S. 511,] 535, n. 12, 105 S.Ct. 2806, 86 L.Ed.2d 411; but it is to say that in the light of pre-existing law the unlawfulness must be apparent. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

*Vinyard v. Wilson,* 311 F.3d 1340, 1353 (11th Cir.2002).

Here, the plaintiff has failed to point to any source whatsoever from which defendant Gowers could have ascertained that the manner in which the decedent was transported violated his Constitutional rights.

Similarly, the plaintiff has failed to establish facts which could feasibly support his argument that defendant Dockery forgetting about decedent's request rises to the level of deliberate indifference.   The plaintiff alleges that Dockery's failure "indicates that no method existed for follow-up or reviewing request (sic) and thus the request was deliberately ignored by Dockery."  First Amended Complaint, at 5. The lack of a follow-up procedure does not make Dockery's forgetfulness into a

Constitutional violation.  The plaintiff's assertion simply does not follow from the factual allegations in the Complaint and First Amended Complaint.  As set forth above, Dockery's inaction could arguably be considered negligent, but negligence is insufficient to establish deliberate indifference.  *See Estelle v. Gamble*, 429 U.S. 97, 105-106, 97 S.Ct. 285, 292 (1976) ("in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'").

Having considered the foregoing, and finding that the defendants' motion to dismiss is due to be granted, the court shall so rule by separate order.

**DONE** this the 7th day of November, 2006.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

12